UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. ___

JOHN THIELEN,

    Petitioner/Plaintiff,

vs.

BENTLEY MOTORS, INC.,

    Respondent/Defendant.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD
AND COMPLAINT FOR DAMAGES**

Petitioner/Plaintiff John Thielen, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* (the "FAA"), petitions to confirm the BBB Auto Line Arbitration Award ("Award") issued by Arbitrator Ellen Tilles, Esq., on January 7, 2025 and to enter judgment in accordance therewith in favor of John Thielen ("Thielen") and against Respondent/Defendant Bentley, Motors, Inc. ("Bentley"). Given that more than 90 days have passed since the issuance of the Award without a motion to vacate, the Court must confirm the Award pursuant to the express statutory language of the FAA. Thielen further sues, pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (2024) (the "MMWA"), and the Florida Motor Vehicle Warranty Enforcement Act, Fla. Stat. §§ 681.01, *et seq.* (2024) (the "Lemon Law"), for damages, including attorney's fees and costs, incurred as a result of Defendant Bentley's breach of warranty.

Thielen alleges as follows:

### INTRODUCTION

1.    This action arises from the sale by Bentley's authorized dealer, Bentley Rancho Mirage (the "Dealer"), to Thielen of a new 2024 Bentley Bentayga EWB Azure SUV (the

- 2 -

"Bentayga"), which was defectively manufactured and failed to conform to the manufacturer's warranty despite more than 4 attempts to repair and more than 54 days out of service. Thielen resorted to binding arbitration with BBB Auto Line to resolve the issue. The arbitration resulted in a final arbitration award to Thielen of a full refund of his purchase price, less a reasonable offset for Thielen's use of the Bentayga prior to the date of the arbitration. Thielen accepted the award. To date, Bentley has refused to pay the award, forcing Thielen to bring this action.

**PARTIES, JURISDICTION, AND VENUE**

2. Petitioner/Plaintiff John Thielen is a citizen of Florida residing in Key West, Florida. Thielen is over the age of twenty-one and is otherwise *sui juris*.

3. Respondent/Defendant Bentley Motors, Inc. ("Bentley"), is a Delaware corporation with its principal place of business in Reston, Virginia.

4. Bentley is authorized to do business in the State of Florida, and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services in this District.

5. This Court has subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

6. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a law of the United States, the MMWA.

7. This Court has supplemental subject matter jurisdiction over Thielen's state law claim pursuant to 28 U.S.C. § 1367(a), as it is so related to Thielen's claim over which the Court has jurisdiction that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Bentley because the causes of action asserted by Thielen arise from Bentley's failure to pay the Award to Thielen in this District and Bentley's actions have affected and injured Thielen in this District.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Thielen's claims occurred in this District.

10. All conditions precedent to the bringing of this action have been satisfied, have been waived, or have occurred.

### GENERAL ALLEGATIONS

11. On or about April 10, 2024, Thielen purchased the Bentayga from Bentley's authorized Dealer in Rancho Mirage, California, for a cost of $300,760.00, plus additional fees, costs, and taxes, for a grand total of $328,257.67.

12. At all times, the Dealer was informed that Thielen resided in Florida and would use the Bentayga primarily in Florida.

13. With Thielen's purchase of the Bentayga, Bentley issued and supplied to Thielen a written new vehicle limited warranty, which included coverage for any repair or replacement to correct a defect in the manufacturer's material and workmanship for a period of three (3) years, with no mileage limitation. *See* Warranty & Service Agreement, p. 491, attached hereto as **Exhibit A (the "Warranty")**.

14. The Warranty provides in relevant part:

> . . . . Bentley participates in BBB AUTO LINE, a mediation/arbitration program administered by the Council of Better Business Bureaus . . . .
>
> If you have a problem arising under any Bentley written warranty, and your authorized Bentley retailer or Bentley Customer Advocate has been unable to satisfactorily address your concern, you may file a claim with BBB AUTO LINE.
> . . .

> You are required to use the BBB AUTO LINE program before . . . pursuing any legal remedy under 15 U.S.C. 2310(d) and Florida Statute Section 681.10 et seq. with respect to the New Vehicle Limited Warranty.
>
> . . .
>
> - **If you accept the decision, the manufacturer will be bound by the decision and will be required to fulfill its obligation within the time frame specified by the arbitrator.**

*Id.* at 500-01 (emphasis added).

15. Beginning in April 2024, through October 2024, the Bentayga was in the Bentley service center for various repairs, including for recurring problems.

16. On or about August 13, 2024, Thielen provided Bentley with notice of the defects via FedEx, and provided Bentley with a final opportunity to repair.

17. Thielen then availed himself of the BBB Auto Line dispute resolution program referenced in his Warranty.

18. On October 19, 2024, Thielen and Bentley submitted an Agreement to Arbitrate with the BBB Auto Line National Arbitration Program. *See* Agreement to Arbitrate, attached as **Exhibit B.**

19. Bentley participated in arbitration through its counsel. Bentley never raised any procedural challenges to the arbitration.

20. On January 7, 2025, Arbitrator Ellen Tilles, Esq., rendered the Award, finding that the breaches of warranty constituted substantial impairments to the use, value and safety of the vehicle, and awarding Thielen $317,307.11 for the repurchase by Bentley of the Bentayga. *See* Award, attached as **Exhibit C**.

21. On January 8, 2025, Thielen accepted the Award. *See* Acceptance or Rejection of Decision Form, attached as **Exhibit D**.

22. Pursuant to the BBB Auto Line Arbitration Rule 22.B.1., "a repurchase decision shall require the manufacturer to perform the decision within 30 days after the manufacturer

receives notice the decision has been accepted . . . ." *See* BBB Auto Line Arbitration Rules, attached as **Exhibit E.**

23. Accordingly, Bentley was required to comply with the Award by or before February 7, 2025.

24. Bentley has failed and refused to comply with the Award, necessitating this action.

## COUNT I – CONFIRMATION OF ARBITRATION AWARD
## PURSUANT TO 9 U.S.C. § 9

25. Thielen incorporates the factual allegations set forth in paragraphs 1 through 24, above as if fully set forth herein.

26. Pursuant to Section 9 of the FAA, 9 U.S.C. § 9, the Court "must" confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 . . . ."

27. The Award has not been vacated, modified, or corrected.

28. This petition to confirm is brought within one year of the date the Award was rendered.

29. Therefore, the Award must be confirmed at this time as required by the FAA.

WHEREFORE, Petitioner John Thielen respectfully requests judgment in his favor and against Respondent, requiring Bentley to repurchase the Bentayga for a sum of $317,307.11, plus interest at the statutory rate running from the date of the Award, and awarding attorneys' fees and costs incurred in connection with this action, pursuant to the Court's inherent powers and section 681.112(1) of the Florida Lemon Law, and awarding such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF WRITTEN WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §§ 2301-2312

30. Thielen incorporates the allegations set forth in paragraphs 1 through 24, above as if fully set forth herein.

31. Thielen is the purchaser of a consumer product who received the Bentayga during the written Warranty period applicable to the Bentayga and who is entitled by the terms of the Warranty to enforce the obligations of the Warranty against Bentley.

32. Bentley is a corporation engaged in the business of making a consumer product directly available to the public, including to Thielen.

33. Bentley's authorized service centers are agents of Bentley designated to perform repairs on vehicles under Bentley's automobile warranties.

34. Thielen's purchase of the Bentayga was accompanied by a written factory Warranty for any defects in material or workmanship, comprising an undertaking in writing in connection with the purchase of the Bentayga to repair or replace defective parts, or take other remedial action, free of charge to Thielen, with respect to the Bentayga in the event that the Bentayga failed to meet the specifications set forth in the Warranty.

35. The Warranty was a material basis of the bargain between Thielen and Bentley for the sale and purchase of the Bentayga, and Thielen was induced by the Bentley's Warranty to purchase the Bentayga.

36. Thielen has provided Bentley with a reasonable opportunity to cure the defects, but Bentley has failed to conform the vehicle to the Warranty.

37. As a direct and proximate result of Bentley's failure to comply with its written Warranty, Thielen has suffered damages, and, in accordance with 15 U.S.C. § 2310(d)(1), Thielen is entitled to bring suit for such damages and other legal and equitable relief.

38. WHEREFORE, Plaintiff Thielen respectfully requests judgment in his favor and against Defendant for compensatory damages, incidental and consequential damages, pre-judgment interest, attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 2310(d)(2), and such other and further relief as the Court deems just and proper.

### COUNT III – DAMAGES PURSUANT TO FLORIDA LEMON LAW, FLA. STAT. §§ 681.01-681.118

39. Thielen incorporates the allegations of paragraphs 1 through 24 above as if fully set forth herein.

40. Thielen purchased the new Bentayga with the manufacturer's Warranty.

41. The Bentayga was defective and failed to conform to the Warranty.

42. The Bentayga was out of service for more than 54 days during the course of numerous repair attempts.

43. Thielen provided Bentley with notice of the defects via FedEx, and provided Bentley with a reasonable number of attempts to repair the Bentayga to conform the vehicle to the Warranty.

44. Bentley was unable to conform the vehicle to the Warranty.

45. The defects substantially impair the use, value, and safety of the motor vehicle.

46. Bentley agreed to arbitration; an award was issued against Bentley; but, Bentley has refused to pay the Award.

47. Thielen has incurred additional costs and damages beyond the Award which are recoverable under Florida's Lemon Law.

48. WHEREFORE, Plaintiff Thielen respectfully requests judgment in his favor and against Defendant, an order to pay the Award as requested in Count I, an award to Thielen of collateral and incidental damages, pre-judgment interest, and attorneys' fees and costs incurred

in connection with this action pursuant to Fla. Stat. § 681.112, and such other and further relief as the Court deems just and proper.

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Date:  May 28, 2025

**AKERMAN LLP**
201 E. Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By*: s/ Christopher S. Carver*
Christopher S. Carver, Esq.
Florida Bar No. 993580
christopher.carver@akerman.com

and

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street – Suite 1100
Miami, FL 33131
Tel.: 305-374-5600
Fax: 305-349-4654

By*: s/ Lorayne Perez*
Lorayne Perez, Esq.
Florida Bar No. 085265
lorayne.perez@akerman.com

*Attorneys for Plaintiff John Thielen*